IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ZANE HUBBARD,**<br><br>                    Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>                    Respondents. | Case No. 1:15-cv-01138 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED AS FRIVOLOUS AND FOR FAILURE TO STATE A COGNIZABLE CLAIM**<br><br> [Doc. 1] |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on July 22, 2015. (Pet., ECF No. 1.)  In the petition, Petitioner presents several independent allegations against over fifty Respondents. As an example, Petitioner's first five claims against Respondents include the following allegations: (1) he alleges that Michael Moreno, an ex-felon took bribes to falsify Petitioner's gang affiliations; (2) that Graciela Moreno, a local television news reporter, and relative to Michael Moreno, has used her status to harass and assault Petitioner into a entering a personal relationship with her; (3) that Michelle Williams, Petitioner's mother, gave permission to Anthony Williams, her brother, to sexually harass Petitioner by way of electronic surveillance constituting military force,

1

and that Anthony Williams falsely imprisoned Petitioner and subjected him to double jeopardy for purposes of sexual harassment; (4) that Richard Arambulo provided information against Petitioner by way of electronic surveillance constituting military force; and (5) that Donny Youngblood ordered Petitioner to be expatriated based on discrimination.

Petitioner also presents claims against President Obama for declaring war and genocide against Petitioner based on Petitioner's Mayan American race; Pope Francis for declaring war against Mayan Americans through the North American Free Trade Agreement and the Patriot Act; and presents claims against Jeh Johnson, the Secretary of the Department of Homeland Security, and member of the United States Department of Justice for similar claims of conspiracy and torture. (See generally, Pet.)

## I. DISCUSSION

### A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State Cognizable Claim

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the

2

"legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner's claims do not implicate the fact or duration of his confinement. In general, Petitioner presents claims against many people based on perceived conspiratorial threats and actions against his person. (See Pet.)

To the extent that Petitioner seeks relief for his civil rights by way of a Section 1983 complaint, the Court finds Plaintiff's claims to be frivolous. A claim is factually frivolous if its allegations are bizarre, irrational or incredible. Edwards v. Snyder, 478 F.3d 827, 829-830 (7th Cir. 2007). See Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002); see also Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (a claim is factually frivolous under Section 1915 if it is "clearly baseless"); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible.") If the Plaintiff's action is frivolous, then the Court has the discretion to dismiss where the deficiencies cannot be cured by amendment. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (1980) (citing Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979)). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

Plaintiff's allegations that there has been a vast conspiracy against him from many defendants including high ranking government officials and other world leaders is patently incredible and unbelievable. The petition is frivolous and devoid of factual support or arguable question of law. See Neitzke, 490 U.S. at 327-328.

3

Petitioner does not challenge his underlying conviction or duration of confinement. Petitioner's claims are not cognizable grounds for federal habeas corpus relief and must be dismissed. Should Petitioner wish to pursue his claims, the proper vehicle for such claims would be a civil rights complaint. While it appears that Petitioner's claims are frivolous, the petition is quite lengthy (94 pages) and it is possible that the Court may have overlooked a cognizable claim. Accordingly, the Court will not deny Petitioner the opportunity to attempt to present his claims by way of a civil rights complaint.

As it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the Wilwording case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the case is DISMISSED without prejudice to Petitioner to present the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas

petition, which will be assigned a separate civil number. The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

## II. CONCLUSION AND RECOMMENDATION

Therefore it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: September 9, 2015        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE